UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| BEK ANARBEKOV, Petitioner, | ) | |
| v. | ) | No. 2:26-cv-00583-JRO-MJD |
| BRISON SWEARINGEN, *et al.*, Respondents. | ) | |

**ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS**

Petitioner Bek Anarbekov is subject to a final order of removal and is being detained pending his removal from the United States. Anarbekov was arrested on August 17, 2026, and is currently detained at the Clay County Jail in Brazil, Indiana. Anarbekov has filed a petition for a writ of habeas corpus. Dkt. 1. For the reasons discussed, the petition is **denied**. With this denial, the pending motion for temporary restraining order, dkt. [20], is **denied as moot**.

## I. BACKGROUND

Anarbekov is native of Kyrgyzstan. Dkt. 13-1 at 5. He came to the United States in October 2024 and was encountered by Border Patrol agents at the Otay Mesa, California Port of Entry. *Id.* at 6. He lacked proper documentation and was processed for expedited removal from the United States and taken into ICE custody. *Id.* He expressed fear of returning to Kyrgyzstan and filed for asylum and withholding of removal. *Id.* On April 17, 2025, he was denied asylum but granted withholding of removal. Dkt. 1-3 ¶ 12.

On May 26, 2026, a prior petition for writ of habeas corpus that Anarbekov had filed in the District of Colorado was granted, and he was released from custody on an Order of Supervision ("OSUP"). Dkt. 13-1 at 6; *see also* dkt. 1-2 (filing from District of Colorado case).

On August 17, 2026, Anarbekov was arrested by detention officers at the Chicago Intensive Supervision Appearance Program Office where Anarbekov had an appointment. *Id.* at 7. A Notice of Revocation of Release was issued, and Anarbekov returned to custody. Dkt. 13-1 at 11.

## II. DISCUSSION

Anarbekov claims he is unlawfully detained under the Immigration and Nationality Act because there is no significant likelihood of his removal in the reasonably foreseeable future and because the revocation of his OSUP and his renewed detention violated applicable regulations. Anarbekov also requests that he be allowed to pursue available fear-based protections before any third-country removal.

### A. Reasonable Foreseeability of Removal

"The Immigration and Nationality Act (INA) establishes procedures for removing aliens living unlawfully in the United States." *Johnson v. Guzman Chavez*, 594 U.S. 523, 527 (2021). Once ordered removed, 8 U.S.C. § 1231 governs both the procedures for removal and an alien's detention pending removal. The statute establishes that, "when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period

of 90 days," which is defined as the "removal period." 8 U.S.C. § 1231(a)(1)(A). Detention is mandatory during the removal period, which begins on the latest of:

> (i) The date the order of removal becomes administratively final.
>
> (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
>
> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

*Id.* at §§ 1231(a)(1)(B), (a)(2)(A). If an alien "does not leave or is not removed within the removal period, the alien, pending removal, shall be subject to supervision." *Id.* at § 1231(a)(3).

There are at least three circumstances that permit DHS to detain an alien after the removal period. The first allows DHS to *extend* the removal period "if the alien fails or refuses to make timely application" for necessary travel documents for his departure or "conspires or acts to prevent [his] removal." *Id.* at § 1231(a)(1)(C). The second permits DHS to *stay* removal when it is determined that immediate removal is not practicable or proper, or the alien is needed to testify in the prosecution of a person. *Id.* at § 1231(c)(2)(A). And finally, the statute permits detention "beyond the removal period" for those either inadmissible under § 1182 or removable under certain subsections of § 1227, or who have been determined by DHS to be a risk to the community or unlikely to comply with an order of removal. *Id.* at § 1231(a)(6). "Continued detention under this [last] provision creates the 'post-removal-period.'" *Guzman Chavez*, 594 U.S.

at 529 (alteration supplied); *see also Zadvydas v. Davis*, 533 U.S. 678, 688 (2001).

Because § 1231(a)(6) does not authorize indefinite detention, an alien subject to a removal order may be detained under that section only for "a period reasonably necessary to bring about [his] removal from the United States." *Zadvydas*, 533 U.S. at 689–99. Detention for six months to bring about an alien's removal is presumptively reasonable. *See id.* at 701.

Anarbekov argues that *Zadvydas* mandates his release. In his petition, Anarbekov says that DHS had not yet identified a third-country to which he could be removed. Dkt. 1 at 9. In briefing, however, Respondents identify that Central African Republic ("CAR") has accepted Anarbekov for third-country removal and that a travel document had been obtained. Dkt. 13 at 2; dkt. 13-3 at 2. Though the removal was originally intended to occur no later than September 17, 2026, it does not appear that the removal has yet occurred. *See* dkt. 17.

In reply, Anarbekov takes issue with the process afforded him regarding the prospective third-country removal to CAR, but challenges to the removal process cannot be raised in this Court on a habeas petition:

> Judicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States under this subchapter shall be available only in judicial review of a final order under this section. Except as otherwise provided in this section, no court shall have jurisdiction, by habeas corpus under

> section 2241 of title 28 or any other habeas corpus provision, by section 1361 or 1651 of such title, or by any other provision of law (statutory or nonstatutory), to review such an order or such questions of law or fact.

8 U.S.C. § 1252(b)(9).

Anarbekov also acknowledges that the evidence that CAR has accepted him for third-country removal "is substantial evidence of foreseeability." Dkt. 14 at 6. He attempts to meet this evidence with hypothetical situations—"[i]f a stay is granted, if an agency proceeding creates a legally operative impediment, or if the Government's removal arrangements materially change, those developments may be relevant to the custody analysis." *Id.* at 7. These hypotheticals do not rebut Respondents' evidence, which remains uncontested to support Respondents' position that Anarbekov's removal from the United States is reasonably foreseeable. Thus, the Court finds that Anarbekov's removal is reasonably foreseeable and that his detention is therefore lawful.

**B. OSUP Revocation**

Under the relevant regulations, an OSUP may be revoked as an exercise of discretion if the authorized revoking official determines that revocation is appropriate to enforce an order of removal. 8 C.F.R. § 241.4(*l*)(2)(iii). Respondents submitted the notice of revocation of Anarbekov's release, and the revoking official determined revocation was appropriate to enforce Anarbekov's removal order. Dkt. 13-1 at 11.

Anarbekov, in his petition, challenged the revocation of his OSUP but admitted that he lacked the complete administrative record regarding the

revocation. Dkt. 1 at 17. After receiving Respondents' return and accompanying evidence, Anarbekov does not challenge that he received the notice and interview required by the regulations. Dkt. 14 at 8. He also makes no challenge to the official's authority to revoke the OSUP. *Id.*

Instead, and without alleging any specific deficiency, Anarbekov asserts that "[t]he Court should determine whether the applicable procedures were satisfied, whether any contested facts relevant to continued custody were considered, and whether the required subsequent review process has been or will be provided." Dkt. 14 at 9. However, "[p]erfunctory and undeveloped arguments are waived, as are arguments unsupported by legal authority." *M.G. Skinner & Assocs. Ins. Agency v. Norman-Spencer Agency*, 845 F.3d 313, 321 (7th Cir. 2017). Additionally, judges need not hunt for the relevant information "buried in the record." *Gross v. Town of Cicero*, 619 F.3d 697, 702 (7th Cir. 2010). The Court will not go looking for deficiencies that Anarbekov has not properly presented to the Court. Anarbekov has not shown that the revocation of his OSUP violated the regulations or otherwise rendered his detention unlawful.

## III. CONCLUSION

Anarbekov's petition for a writ of habeas corpus is **denied**. With no pending petition, the pending motion for temporary restraining order, dkt. [20], is **denied as moot**. The **clerk is directed** to enter final judgment.

**SO ORDERED.**

Date: 9/18/2026

Justin R. Olson
United States District Judge
Southern District of Indiana

Distribution:

Afshan Jabeen Khan
Law Office of Afshan J Khan
ajkhanesq@gmail.com

Liberty L. Roberts
Church Church Hittle & Antrim
lroberts@cchalaw.com

Paul Umbaugh, IV
DOJ-USAO
paul.umbaugh@usdoj.gov

Nurjamal Grace Usenova
office@usenovalaw.com