UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| BEK ANARBEKOV,<br><br>Petitioner,<br><br>v.<br><br>BRISON SWEARINGEN,<br>DAVID J. VENTURELLA,<br>SAMUEL OLSON,<br>MARKWAYNE MULLIN,<br>TODD BLANCHE,<br><br>Respondents. | ) | No. 2:26-cv-00583-JRO-MJD |

**ORDER GRANTING IN PART MOTION TO RECONSIDER, VACATING FINAL JUDGMENT, AND DIRECTING ENTRY OF AMENDED FINAL JUDGMENT**

Petitioner Bek Anarbekov asks the Court to reconsider its decision that it lacks jurisdiction to hear his argument regarding third-country removal. Dkt. 23. He also asks, in the event the Court does not change its decision, for the judgment to be amended to reflect that the jurisdiction-based denial is without prejudice. For the reasons below, the Court denies the former request and grants the latter.

In an order dated September 18, 2026, the Court denied Anarbekov's petition for a writ of habeas corpus, in part, for lack of jurisdiction to review his challenge to the process afforded him regarding a prospective third-country removal to Central African Republic. Dkt. 21 at 4–5. In so finding, the Court quoted 8 U.S.C. § 1252(b)(9):

> Judicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from

> any action taken or proceeding brought to remove an alien from the United States under this subchapter shall be available only in judicial review of a final order under this section. Except as otherwise provided in this section, no court shall have jurisdiction, by habeas corpus under section 2241 of title 28 or any other habeas corpus provision, by section 1361 or 1651 of such title, or by any other provision of law (statutory or nonstatutory), to review such an order or such questions of law or fact.

*Id.* Anarbekov asks the Court to reconsider this finding and to follow the reasoning in a decision of the First Circuit, which affirmed in large part a district court's decision to enter a preliminary injunction regarding the third country removal process. *D.V.D. v. U.S. Dep't of Homeland Sec.*, 192 F.4th 74 (1st Cir. 2026). The Supreme Court has now stayed the preliminary injunction. *Dep't of Homeland Sec. v. D.V.D.*, --- S.Ct. ---, No. 26-426, 2026 WL 2917860 (Sept. 29, 2026).

Anarbekov's position on jurisdiction is unpersuasive. First, this Court is not bound by the *D.V.D.* decision. Binding precedent from the Seventh Circuit provides that a prisoner who seeks relief other than release from custody may have viable claims but they may not be presented in a habeas corpus petition. *Bunn v. Conley*, 309 F.3d 1002, 1007 (7th Cir. 2002). Second, a different subsection of the above-quoted statute, 8 U.S.C. § 1252(g), provides that this Court may not hear claims based on decisions to "execute removal orders against any alien." For these reasons, the Court concludes that it cannot hear Anarbekov's challenge to his prospective third-country removal. *See, e.g.*, *Andrade Salomon v. Mullin*, No. 2:26-cv-00507-MPB-MG, slip op. at 4 (S.D. Ind. Nov. 6, 2026) ("Any contention that Mr. Salomon cannot be lawfully removed to

a third country . . . falls beyond the scope of this Court's review. "); *Paigne v. Noem*, No. 3:26-cv-336-CCB-SJF, 2026 WL 2055990 at *5–6 (N.D. Ind. July 16, 2026) ("[H]abeas is not the right vehicle to determine what process Paigne is entitled to before removal to a third country.").

Because the Court lacks jurisdiction to review Anarbekov's challenge to his third-country removal, the final judgment should have reflected that the petition was denied without prejudice as to that claim.

Therefore, the Court **GRANTS in part** and **DENIES in part** the motion for reconsideration. Dkt. [23]. The Court **vacates** the final judgment, dkt. [22]. An amended final judgment shall issue indicating that the third-country removal argument is denied without prejudice for lack of jurisdiction.

All other requests for relief are **DENIED**.

**SO ORDERED.**

Date: 11/18/2026



Justin R. Olson
United States District Judge
Southern District of Indiana

Distribution:

All electronically registered counsel